Dan Nelson (DN4940)
Kevin P. McCulloch (KM0530)
Nate A. Kleinman (NK3168)
NELSON & McCULLOCH LLP
155 East 56th Street
New York, New York 10022
T: (212) 355-6050
F: (646) 308-1178

*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PATRICK HOELCK,<br><br>    *Plaintiff,*<br><br>    *v.*<br><br>FOREVER 21 RETAIL, INC.; CONTROL INDUSTRY, INC.,<br><br>    *Defendants*. | Case No.<br><br>ECF Case<br>Electronically Filed<br><br>**COMPLAINT**<br>JURY TRIAL DEMANDED |

1

Plaintiff PATRICK HOELCK ("Plaintiff"), by and through undersigned counsel and pursuant to the applicable Federal Rules of Civil Procedure and the Local Rules of this Court, hereby demands a trial by jury of all claims and issues so triable, and, as and for his Complaint for copyright infringement against Defendants FOREVER 21 RETAIL, INC. ("Forever 21"); and CONTROL INDUSTRY, INC. ("Control") (collectively "Defendants") hereby asserts and alleges as follows:

### NATURE OF THE ACTION AND RELIEF SOUGHT

1. This is an action for copyright infringement and related claims brought against Defendant by Plaintiff, the owner of copyrights in a creative work that was used without license or permission by Defendants.

2. Plaintiff seeks damages and other relief related to Defendants' knowing and willful infringement of Plaintiff's copyrights in the original photographic work identified in Exhibit 1 and which is the subject of this action.

### JURISDICTION AND VENUE

3. Jurisdiction for Plaintiff's claims lies with the United States District Court for the Southern District of New York pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*, and 28 U.S.C. § 1338(a) (conferring original jurisdiction over claims arising under any act of Congress relating to copyrights).

4. Venue is proper in this Court under 28 U.S.C. §§ 1391(a) and (b) because Defendants conduct substantial business within the State of New York, have infringed Plaintiff's copyright within the State of New York as described herein, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the State of New York.

**PARTIES**

5. Plaintiff Patrick Hoelck is a professional photographer who makes his living by taking and licensing photographs.

6. Defendant Forever 21 is an international clothing retailer with franchise stores in approximately fifty (50) countries worldwide, including five (5) stores located in New York City.

7. Defendant Control is an online clothing apparel company that, according to its website (www.controlindustry.com), "specializes in fully-licensed music & entertainment merchandising and high-quality memorabilia." (Website visited Aug. 13, 2015.)

**FACTUAL ALLEGATIONS**

8. Plaintiff Patrick Hoelck is a professional photographer who makes his living by taking and licensing photographs.

9. Plaintiff is the sole author of a photographic portrait of the artist and actor known as "Ice Cube," (the "Photograph") a copy of which is attached hereto as "EXHIBIT 1."

10. Plaintiff registered his copyright in the Photograph at issue with the United States Copyright Office.

11. Defendant Forever 21's clothing item titled "Ice Cube Tee," Product Code 2055879512, incorporates Plaintiff's Photograph. A screenshot of this item being offered for sale on Defendant Forever 21's website is attached hereto as "EXHIBIT 2."

12. Defendant Control's clothing item titled "Ice Cube 'Raider' T-Shirt" incorporates Plaintiff's Photograph. A screenshot of this item being offered for sale on Defendant Control's website is attached hereto as "EXHIBIT 3."

13. Attached hereto as "EXHIBIT 4" is a side-by-side illustration of the infringing

clothing item and Plaintiff's Photograph.

14. In a letter dated June 24, 2015, Plaintiff's counsel demanded that Defendant Forever 21 cease and desist producing and offering for sale the infringing clothing item. This letter is attached hereto as "EXHIBIT 5."

15. Upon information and belief, Defendant Forever 21 then relayed Plaintiff's letter to a representative at Defendant Control, from whom Forever 21 allegedly obtained the infringing clothing item.

16. Despite becoming aware of Plaintiff's claim of infringement, Defendant Control continued—and continues—to offer for sale the infringing item on its website, as evidenced by the time and date shown in EXHIBIT 3.

17. Defendants have profited from their unauthorized use of Plaintiff's photo.

## COUNT I
## COPYRIGHT INFRINGEMENT

18. Plaintiff repeats and re-alleges each allegation set forth above as if set forth fully herein.

19. Plaintiff is the author and registered copyright owner of the creative work identified herein and that is the subject of this action.

20. Defendants copied Plaintiff's creative work without proper license or permission.

21. Defendants' infringements were willful, knowing, and intentional.

22. By copying, distributing, displaying, publishing, and otherwise exploiting Plaintiff's copyrighted work, Defendants infringed Plaintiff's copyrights in the creative work identified herein and caused Plaintiff significant injuries, damages, and losses in amounts to be determined at trial.

23. Plaintiff seeks all damages recoverable under the Copyright Act, including

statutory or actual damages, including Defendants' profit attributable to the infringements, and damages suffered as a result of the lack of compensation, credit, and attribution from any diminution in the value of Plaintiff's copyrighted work.

24. Plaintiff also seeks all attorneys' fees and any other costs incurred in pursuing and litigating this matter.

## COUNT II
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

25. Plaintiffs repeat and re-allege each allegation set forth above as if set forth fully herein.

26. Defendants provided, sub-licensed, or sold copies of Plaintiff's photo to each other as well as various third parties, the identities of which have yet to be ascertained, in order to manufacture, distribute, and/or sell the infringing clothing items.

27. At the time that they provided copies of Plaintiff's photo to these third parties, Defendants knew or had reason to know that these parties intended to use Plaintiff's photo to manufacture, distribute, and/or sell the infringing clothing items.

28. Defendants thus knowingly caused, enabled, and/or materially contributed to the unauthorized and infringing use of Plaintiff's photo.

29. Defendants were not authorized to copy, distribute, use, license, sub-license, transfer, or sell copies of Plaintiff's photo or products that included copies of Plaintiff's photo.

30. Defendants intentionally induced, materially contributed to, and otherwise facilitated the directly infringing acts carried out by each other and by third parties.

31. Plaintiff seeks all damages recoverable under the Copyright Act, including statutory or actual damages, including Defendants' profits attributable to the infringements, and damages suffered as a result of the lack of compensation, credit, and attribution and from any

diminution in the value of Plaintiff's copyrighted work. Plaintiff also seeks all attorneys' fees and any other costs incurred in pursuing and litigating this matter.

### COUNT III
### VICARIOUS COPYRIGHT INFRINGEMENT

32. Plaintiff repeats and re-alleges each allegation set forth above as if set forth fully herein.

33. Defendants provided, sub-licensed, or sold copies of Plaintiff's photo to each other as well as various third parties, the identities of which have yet to be ascertained, in order to manufacture, distribute, and/or sell the infringing clothing items.

34. Defendants had the right and practical ability to control and/or supervise these third parties.

35. Defendants benefited financially from these third parties' manufacturing, distributing, and/or selling the infringing clothing items.

36. Plaintiff seeks all damages recoverable under the Copyright Act, including statutory or actual damages, including Defendants' profits attributable to the infringements, and damages suffered as a result of the lack of compensation, credit, and attribution and from any diminution in the value of Plaintiff's copyrighted work. Plaintiff also seeks all attorneys' fees and any other costs incurred in pursuing and litigating this matter.

**WHEREFORE,** Plaintiff respectfully prays for judgment on his behalf and for the following relief:

1. A trial by jury of all claims and issues so triable;

2. A preliminary and permanent injunction against Defendants from copying, displaying, distributing, advertising, promoting, and/or exploiting in any manner the copyrighted

work identified herein, and requiring Defendants to deliver to the Court for destruction or other appropriate disposition all relevant materials, including digital files of Plaintiff's photograph and all copies of the infringing materials described in this complaint that are in the control or possession or custody of Defendants;

3. All allowable damages under the Copyright Act, including, but not limited to, statutory or actual damages, including damages incurred as a result of Plaintiff's loss of licensing revenue and Defendants' profits attributable to infringements, and damages suffered as a result of the lack of credit and attribution;

4. Plaintiff's full costs, including litigation expenses, expert witness fees, interest, and any other amounts authorized under law, and attorneys' fees incurred in pursuing and litigating this matter;

5. Any other relief authorized by law, including punitive and/or exemplary damages; and

6. For such other and further relief as the Court deems just and proper.

Dated: New York, New York
September 10, 2015

NELSON & MCCULLOCH LLP

By: _____
Dan Nelson
155 East 56th Street
New York, New York 10022
T: (212) 355-6050
F: (646) 308-1178
dan@nmiplaw.com

*Counsel for Plaintiff*

7